| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild<br>Officer: Aaron Pohl | Telephone: (313) 226-9577<br>Telephone: (313) 218-0934 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Henry MENDEZ-RODRIGUEZ | Case No.    Case: 2:25−mj−30206<br>Assigned To : Unassigned<br>Assign. Date : 4/3/2025<br>Description: CMP USA V.<br>MENDEZ−RODRIGUEZ (DJ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 25, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

On or about March 25, 2025, in the Eastern District of Michigan, Southern Division, Henry MENDEZ-RODRIGUEZ, an alien from Guatemala, was found in the United States after having been denied admission, excluded, deported, and removed there from on or about January 17, 2020, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_____
Complainant's signature

Aaron Pohl, Deportation Officer, ICE ERO
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __April 3, 2025__

_____
Judge's signature

City and state: __Detroit, MI__

Kimberly Altman, U.S. Magistrate Judge
Printed name and title

## Affidavit

I, Aaron Pohl, declare the following under penalty of perjury:

1. I am a Deportation Officer with the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE). I have been employed by ICE since January of 2009. As part of my duties, I am required to identify, locate, apprehend and remove illegal aliens who are in violation of the Immigration and Naturalization Act (INA). I have reviewed the official Immigration file (AXXX XXX 444) and system automated data relating to Henry MENDEZ-RODRIGUEZ, which attests to the following:

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. Henry MENDEZ-RODRIGUEZ is a 33-year-old male, native and citizen of Guatemala, who last entered the United States at an unknown place, on an unknown date, without being admitted, inspected or paroled by an Immigration Officer.

4. On or about April 30, 2011, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Lukeville, Arizona, and determined that he was present in the United States without admission, inspection or parole by a United States Immigration Officer.

5. On or about May 1, 2011, United States Border Patrol issued a Notice and Order of Expedited Removal. On or about May 13, 2011, MENDEZ-RODRIGUEZ was removed to Guatemala via Phoenix Mesa Gateway, Arizona Port of Entry.

6. Just several weeks later, on or about June 17, 2011, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Tucson, Arizona. On June 19, 2011, United States Border Patrol processed MENDEZ-RODRIGUEZ as a Reinstatement of Deportation Order.

7. On or about June 29, 2011, MENDEZ-RODRIGUEZ was removed from the United States to Guatemala via the Phoenix Mesa Gateway, Arizona Port of Entry.

8. On or about February 11, 2019, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Detroit, Michigan. He was processed as a Reinstatement of Deportation Order.

9. On or about February 28, 2019, MENDEZ-RODRIGUEZ was removed from the United States to Guatemala via the Alexandria, Louisiana, Port of Entry.

10. On or about May 2, 2019, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Laredo, Texas. He was processed as a Reinstatement of Deportation Order.

11. On May 15, 2019, MENDEZ-RODRIGUEZ was removed from the United States to Guatemala via the Brownsville, Texas, Port of Entry.

12. On or about June 21, 2019, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Laredo, Texas. On June 25, 2019, United States Border Patrol processed MENDEZ-RODRIGUEZ as a Reinstatement of Deportation Order.

13. On or about July 12, 2019, MENDEZ-RODRIGUEZ was removed from the United States to Guatemala via the Brownsville, Texas, Port of Entry.

14. On or about January 11, 2020, United States Border Patrol apprehended MENDEZ-RODRIGUEZ near Topowa, Arizona. On January 12, 2020, United States Border Patrol processed MENDEZ-RODRIGUEZ as a Reinstatement of Deportation Order.

15. On January 17, 2020, MENDEZ-RODRIGUEZ was removed from the United States to Guatemala via the Phoenix Mesa Gateway, Arizona, Port of Entry.

16. On March 25, 2025, ICE Officers traveled to 45XX Oregon St, Detroit, Michigan, in search of MENDEZ-RODRIGUEZ. At approximately 10:00 a.m., ICE Officers identified an individual matching the description of the MENDEZ-RODRIGUEZ departing the area. ICE Officers conducted a vehicle stop at or near Tireman Avenue and Northfield Street in Detroit, Michigan. ICE Officers identified themselves and conducted a field interview. MENDEZ-RODRIGUEZ identified himself and admitted he did not have any legal status or documentation to reside or remain in the United

States. ICE Officers arrested, detained and transported MENDEZ-RODRIGUEZ to the Detroit Field Office for processing.

17. During a booking interview, MENDEZ-RODRIGUEZ indicated that he does not have children living in the United States and that he has no family in the United States that have legal immigration status.

18. On March 25, 2025, fingerprint analysis was completed, which revealed a match to that of Henry MENDEZ-RODRIGUEZ, AXXX XXX 444, a previously removed alien. MENDEZ-RODRIGUEZ was served with form I-871 Reinstatement of Prior Order.

19. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

20. On April 2, 2025, I reviewed the Alien Registration file and consulted multiple immigration databases. There is no evidence that Henry MENDEZ-RODRIGUEZ has applied for or received permission from the Attorney General of the United States or the Secretary of the U.S. Department of Homeland Security to reapply for admission to the United States following his removal on January 17, 2020.

21. Based on the above information, there is probable cause to conclude that Henry MENDEZ-RODRIGUEZ is an alien, who unlawfully reentered or was found in the United States after removal, without obtaining the express permission of the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the

United States in violation of Title 8, United States Code, Section 1326(a).

_____
Aaron Pohl
Deportation Officer
U.S. Immigration and Customs Enforcement
333 Mount Elliott
Detroit, MI 48207

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Kimberly Altman
United States Magistrate Judge

April 3, 2025

4